**UNITED STATES v. PULVER.**

Civ. No. 268.

District Court, S. D. Florida.

Oct. 10, 1941.

Harry G. Taylor, Sp. Asst. to U. S. Atty., of Miami, Fla., for the U. S.

Jefferson D. Stephens, of St. Petersburg, Fla., for defendant.

BARKER, District Judge.

█ In his computation of the taxpayer's income for 1925 the Commissioner included proceeds of a "Plaza Park lot" conveyed by the taxpayer in 1925. The taxpayer testified that this lot was purchased along with other property by him and two associates, title being vested in him for convenience. His testimony indicates they paid $10,000 for the several parcels of land and previous to the sale of this lot, had sold other parcels for $18,500. More than the cost of the several parcels having been realized by the parties, unless there was an allocation of cost to each parcel for tax purposes, the entire sale price of this parcel was income. No such allocation of cost was shown and I am of the opinion the entire sale price should be treated as income. The evidence indicates the taxpayer had only a one-third interest in the venture, therefore one-third of the sale price ($666.67) was realized income.

█ In computing the taxpayer's income for 1926 the Commissioner included additional profit on the sale of the Hollenbeck Hotel of $45,598.80, and alleged sale price of Lot 5, Block 41, Section D, Pasadena Estates, in the amount of $4,185. The taxpayer has failed to show error in the computation of the profit on the sale of the hotel, but contends he was entitled to only one-half. The evidence before the Court sustains the taxpayer in that respect. As to the Pasadena Estates lot, I am of the opinion that the computation by the Commissioner was in error. Being engaged in the newspaper business in St. Petersburg, Florida, during the land "boom", the taxpayer had an account receivable for advertising by an operator. He accepted this lot in payment of the account. The only income realized was the value of the lot. He claims it had no value and that he gave it to his niece. There is no evidence before the Court to the contrary. Notwithstanding the testimony as to lack of value, the Court is of the opinion it had some then market value. In arriving at a market value, the Court takes judicial notice of the previous collapse of the land boom, and the then highly limited demand for building lots even at sacrifice prices. It is believed $250 is a

reasonable value of the lot at the time of its receipt.

■ The Commissioner also included in the taxpayer's income $2,000 in dividends allegedly received from the St. Petersburg Kennel Club. The taxpayer owned and operated the Detroit Hotel until it was sold in 1925. He received the stock in the club for hotel bills of persons interested in organizing the club, and treated such stock as part of the hotel property. When the hotel was sold, the stock as well as other personal property was included in the sale. The taxpayer testified that while dividend checks were issued and mailed to him, he endorsed them over to the purchasers of the hotel, and that he actually received no such dividends in 1926. I am of the opinion this overcomes the presumptive correctness of the Commissioner's finding, and that the amount was improperly included.

Finding of facts and conclusions of law are being made in conformity with this opinion.